JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Paul Christen, Jr., appeals the trial court granting motions for summary judgment by defendants-appellees: The Hartford, The Twin City Fire Insurance Company, The Hartford Fire Insurance Company of the Midwest (all three collectively "Hartford"), and The Fireman's Fund ("Fireman's").
 {¶ 2} In June 1993, plaintiff, an employee of Precision Metalsmiths, Inc. ("Precision"), suffered severe and permanent injuries when his automobile was struck by another vehicle driven by tortfeasor, Mike Papadakis. At the time of the accident, plaintiff was driving his own car. It is agreed between the parties that at the time of the accident, plaintiff was not driving his car for any purpose related to his employment.
 {¶ 3} In June 1993, Precision was insured by Hartford under a general commercial policy, which included coverage for automobile liability and uninsured/underinsured ("UM/UIM") coverage. Precision also carried an excess umbrella policy issued by Fireman's.
 {¶ 4} In 1994, plaintiff settled with the tortfeasor and his insurance company for policy limits[1] which were insufficient. In a complaint for Declaratory Judgment, plaintiff sought UM/UIM coverage under both defendants' policies.
 {¶ 5} Plaintiff and each of the defendants moved for summary judgment. In its motion, Fireman's argued that plaintiff was precluded from UM/UIM coverage under its excess policy because Precision had rejected such coverage in writing and, moreover, plaintiff had breached the policy's prompt notice and subrogation provisions. In both his brief in opposition to Fireman's motion and his own cross-motion for summary judgment, plaintiff argued that Precision's written rejection was invalid because Fireman's had never properly offered UM/UIM coverage as required by R.C.3937.18.
 {¶ 6} When Hartford moved for summary judgment, it too argued plaintiff had breached its notice and subrogation provisions. Hartford also claimed that since plaintiff settled with the tortfeasor he was no longer "legally entitled to recover" from the tortfeasor and, therefore, was not an insured under the terms of the policy.
 {¶ 7} In its order granting Fireman's motion for summary judgment, the trial court determined that Precision's written rejection was invalid. Nonetheless, the court granted Fireman's motion because plaintiff had prejudiced the company's subrogation rights by failing to timely notify it about the accident. Determining that
 {¶ 8} plaintiff had breached Hartford's notice and subrogation provisions also,[2] the court granted Hartford's motion as well.
 {¶ 9} Appealing the trial court's order, plaintiff assigns the following errors for our review:
The Trial Court committed reversible error in granting fireman's funds [sic] motion for summary judgment denying um/uim coverage under fireman's funds [sic] umbrella policy and not granting plaintiff-appellant's motion for summary judgment where plaintiff-appellant is an insured under the policy pursuant to Scott-Pontzer v. Liberty Mutual Insurance Company (1999) [sic]85 Ohio St.3d 660.
The Trial Court committed reversible error in granting the Hartford, the Twin City Fire Insurance Company, the Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest Motion for summary judgment denying UM/UIM coverage for the plaintiff under the Hartford Commercial Policy and not granting plaintiff-appellant's motion for summary judgment where plaintiff-appellant was an insured under the UM/UIM endorsement.
 {¶ 10} Recently, the Ohio Supreme Court limited its prior decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116. Because of the Court's decision in Galatis v. Westfield, 100 Ohio St.3d 216,2003-Ohio-5849, we need not address the subrogation or notice issues appellant raises.[3] In Galatis, after reviewing the express provisions of an insurance contract, the Court held:
2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co.
[1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. 1999,85 Ohio St.3d 660, 1999 Ohio 292, 710 N.E.2d 1116, limited.)
Id., ¶ 2, syllabus.
 {¶ 11} In the case at bar, Galatis requires this court to affirm the grant of summary judgment to Fireman's and Hartford. Both policies identify the named insured as Precision. Moreover, plaintiff was not within the scope of his employment when the loss occurred. He is not, therefore, an insured under either policy. Galatis, ¶ 2. Accordingly, plaintiff's first and second assignments of error are overruled, and we find the third assignment of error[4] moot.
 {¶ 12} We, therefore, affirm the judgment albeit for another reason.
 {¶ 13} Joyce v. General Motors Corp. (1990),49 Ohio St.3d 93, 551 N.E.2d 172.
 {¶ 14} The Judgment is affirmed.
Judgment affirmed.
ANNE L. KILBANE, J., CONCURS.
[1] Plaintiff also received additional settlement monies from Papadakis personally.
[2] The trial court's order does not address Hartford's argument that plaintiff is not "legally entitled to recover."
[3] The trial court's decision was issued and the appellate oral arguments occurred before the Ohio Supreme Court decidedGalatis.
[4] III. The Trial Court committed reversible error in granting the protective order of Hartford denying plaintiff-appellant the opportunity to depose appellees' employees most knowledgeable regarding the scope of intended coverage under the Hartford Policy and the policies and procedures for pursuing subrogation.